William CAPACCHIONE, Individually and on Behalf of Cristina Capacchione, a Minor, Plaintiff,

v.

CHARLOTTE–MECKLENBURG BOARD OF EDUCATION, et al., Defendants.

James E. SWANN, et al., Plaintiffs,

v.

The CHARLOTTE–MECKLENBURG BOARD OF EDUCATION, et al., Defendants.

Nos. 3:97CV482–P, CIVIL ACTION No. 1974.

United States District Court, W.D. North Carolina, Charlotte Division.

March 6, 1998.

John O. Pollard, Kevin V. Parsons, McGuire, Woods, Battle & Boothe, L.L.P., Charlotte, NC, William S. Helfand, Stephen A. Katsurinis, Magenheim, Bateman, Robinson, Wrotenbery & Helfand, P.L.L.C., Houston, TX, Lee Meyers, Meyers & Hulse, Charlotte, for William Capacchione, Individually and on behalf of Cristina Capacchione, a minor.

Anita S. Hodgkiss, James E. Ferguson, Luke Largess, Ferguson, Stein, Wallas, Gresham & Sumter, P.A., Charlotte, NC, Adam Stein, Ferguson, Stein, Wallas, Adkins, Gresham & Sumter, Chapel Hill, NC, Elaine Jones, Norman J. Chachkin, Gloria J. Browne, NAACP Legal Defense & Educational Fund, Inc., New York City, for Swann Plaintiffs.

James G. Middlebrooks, Irving M. Brenner, Smith, Helms, Mulliss & Moore, L.L.P., Charlotte, NC, Allen R. Snyder, Kevin J. Lanigan, Maree Sneed, Hogan & Hartson, L.L.P., Washington, DC, Leslie J. Winner, Charlotte–Mecklenburg Board of Education, Charlotte, NC, for Charlotte–Mecklenburg Schools, Susan Burgess, Chair of the Charlotte–Mecklenburg School Board, Eric Smith, Dr., Superintendent.

James G. Middlebrooks, Irving M. Brenner, Smith, Helms, Mulliss & Moore, L.L.P.,

Charlotte, NC, Allen R. Snyder, Kevin J. Lanigan, Maree Sneed, John W. Borkowski, Hogan & Hartson, L.L.P., Washington, DC, Leslie J. Winner, Charlotte–Mecklenburg Board of Education, Charlotte, NC, for Board of Education of Charlotte–Mecklenburg.

A. Lee Parks, Kirwan, Parks, Chesin & Miller, P.C., Atlanta, GA, Thomas J. Ashcraft, Charlotte, NC, for Michael P. Grant, Richard Easterling, Lawrence Gauvreau, Karen Bentley, Charles Thompson, Scott C. Willard.

## MEMORANDUM OF DECISION AND ORDER

ROBERT D. POTTER, Senior District Judge.

**THESE MATTERS** are before the Court on Defendants' Motion to Dismiss ("Motion to Dismiss") [document no. 9, filed on 22 October 1997] in 3:97CV482–P, and the Plaintiffs' Motion to Restore Case to Active Docket and for Transfer of Collateral Action to This Court ("*Swann* Plaintiffs' Motion to Restore Case to Active Docket and Consolidate") [filed on 9 October 1997] in Civil Action No.1974.

The parties fully briefed the issues. The Court conducted a hearing regarding these matters on 5 March 1998 in which the Court ruled that it would deny the School Board's Motion to Dismiss, and grant the Motion to Restore Case to Active Docket and Consolidate.

### I. MOTION TO DISMISS

It is well-settled that a trial court should not dismiss a complaint for failure to state a claim unless it appears beyond doubt that the nonmoving party can prove no set of facts in support of its claim which would entitle it to relief. Further, a court should accept as true all well-pleaded allegations of the complaint, and construe the complaint in the light most favorable to the nonmoving party. *See, e.g., Scheuer v. Rhodes,* 416 U.S. 232, 235–36, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Mylan Laboratories, Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993).

In the *Capacchione* matter, Capacchione alleges that the School Board's magnet school program, which has never been subject to judicial review, provides special benefits that are distinct from its general education program. In addition, Capacchione avers that the School Board is providing those benefits to a fraction of its students based upon a student's race. Further, Capacchione contends that she was denied the benefits of the magnet school program on account of her race in violation of the equal protection clause of the Fourteenth Amendment.

The School Board, on the other hand, argues that it instituted its magnet school program in an attempt to comply with this Court's continuing orders in *Swann,* which expressly require the School Board to account for race in student assignments. Thus, they argue, Capacchione's claims are impermissible collateral attacks on this Court's orders in *Swann* and should therefore be dismissed.

In accepting as true the well-pled allegations of the Complaint, and construing the Complaint in the light most favorable to Capacchione, the Court finds that it is not beyond doubt that Capacchione—the nonmoving party—can prove no set of facts in support of her claim which would entitle her to relief. Consequently, the Court will deny the School Board's Motion to Dismiss.

### II. *SWANN* PLAINTIFFS' MOTION TO RESTORE CASE TO THE ACTIVE DOCKET AND CONSOLIDATE

In the *Swann* matter, the *Swann* Plaintiffs moved the Court to restore *Swann* to the active docket and consolidate the *Capacchione* matter with *Swann* pursu to Rule 42(a) of the Federal Rules of Civil Procedure because *Capacchione's* claims raise common issues of law and fact with the claims litigated in *Swann.* (Motion to Reopen at 4, 5.) The Court agrees.

Rule 42(a) of the Federal Rules of Civil Procedure provides the following:

CONSOLIDATION. When actions involving a common question of law or fact are pending before the court, it may order a joint

hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delays.

Fed.R.Civ.P. 42(a).

The Court believes, at this early stage of the litigation, that there are several common issues of law and fact in the two cases. These common issues include, but are not limited to, the following: whether the School Board may take race into account in its student assignment policies regarding the magnet school program; whether the orders in *Swann* apply to the claims in *Capacchione;* and whether the Charlotte–Mecklenburg school district is unitary.

Because there are common issues of law and fact, the Court finds that consolidating the cases would be in the interests of justice by avoiding inconsistent results, and would further judicial efficiency and economy by conserving resources. As a result, the Court will grant the *Swann* Plaintiffs' Motion to Restore the Case to Active Docket and Consolidate.

**NOW, THEREFORE, IT IS ORDERED** that the School Board's Motion to Dismiss [document no. 9] be, and hereby is, **DENIED.**

**IT IS FURTHER ORDERED** that the *Swann* Plaintiffs' Motion to Restore Case to Active Docket and Consolidate be, and hereby is, **GRANTED.**

**IT IS FURTHER ORDERED** that the matters in *Capacchione* and *Swann,* case numbers 3:97CV482–P and Civil Action No.1974, respectively, be, and hereby are, **CONSOLIDATED.**